United States Bankruptcy Court
Eastern District of Virginia
Richmond Division

| | |
|---|---|
| In Re:<br>Andrew Thomas Fraundorfer<br>   Debtor | BCN#: 17-32420-KLP<br>Chapter: 13 |

CARRINGTON MORTGAGE SERVICES, LLC
or present noteholder,
   Movant/Secured Creditor,
v.
Andrew Thomas Fraundorfer
   Debtor
and
Suzanne E. Wade
   Trustee
   Respondents

### Consent Order Modifying Automatic Stay

This matter was before the court on April 18, 2018, on the motion of CARRINGTON MORTGAGE SERVICES, LLC, for relief from the automatic stay with respect to the real property located at 4015 DERBYSHIRE LANE, Fredericksburg, VA 22408 and more particularly described as follows:

> All that certain lot or parcel of real estate, together with all improvements thereon and all rights and privileges thereto appurtenant, lying and being in Lee Hill District, Spotsylvania County, Virginia, known and described as Lot 53, COVENTRY MEADOWS, as shown on Plat of Subdivision entitled "Plat of Subdivision, Coventry Meadows, Lee Hill District, Spotsylvania Co.,

Gregory N. Britto, Esquire
VSB #23476
William M. Savage, Esquire
VSB #26155
Malcolm B. Savage, III, Esquire
VSB #91050
Thomas J. Gartner, Esquire
VSB #79340
Mary F. Balthasar Lake, Esquire
VSB #34899
Leonard C. Tengco, Esquire
VSB #76395
Shapiro & Brown, LLP
501 Independence Parkway, Suite 203
Chesapeake, Virginia 23320
(703) 449-5800
17-265219

VA" prepared by Webb & Associates, dated June 25, 2003, revised November 24, 2003 and recorded as LR200300052573, in the Clerk's Office of the Circuit Court of Spotsylvania County, Virginia.

Upon consideration of which, it is **ordered:**

1. The debtor will resume making regular monthly installment payments in the amount of $1,926.19 as they become due commencing on 06/01/18.

2. The debtor will cure the post-petition arrearage currently due to the movant through 05/01/18 in the total amount of $4,715.15, which includes payments from April 1, 2018 to May 1, 2018 in the amount of $1,926.19 each, attorney fees in the amount of $850.00, filing fees in the amount of $181.00, less funds in debtor suspense in the amount of $168.23, by making the following payments:

    a.  $785.85  on or before 06/15/18
    b.  $785.85  on or before 07/15/18
    c.  $785.85  on or before 08/15/18
    d.  $785.85  on or before 09/15/18
    e.  $785.85  on or before 10/15/18
    f.  $785.90  on or before 11/15/18

3. It is further ordered and agreed that in the event that any payment required by this order is not received by the movant within 15 days after it is due, the movant may mail a notice of default to the debtor by first class mail, postage prepaid, (and, if it desires, also by certified or registered mail) with a copy to debtor's counsel and the trustee by first class mail, postage prepaid, or by email at the same time as the notice of default is mailed to the debtor. The notice of default will state in simple and plain language:

    a. That the debtor is in default in making at least one payment required under this order;
    b. The date and amount of each payment missed and any late charge or other fees necessary to cure default;
    c. The action necessary to cure the default, including any address to which payments must be mailed;
    d. That the debtor or trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default:
        i. Cure the default

    ii. File an objection with the court stating that no default exists; or
    iii. File an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered;
  e. That if the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the movant may file a certificate that it has complied with the terms of this order and that the court may grant relief from the automatic stay without further notice to the debtor; and;
  f. That if the automatic stay is terminated, the collateral may be sold at foreclosure.

If the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the movant may submit a certificate stating that it has complied with the terms of this order and that neither the debtor nor the trustee has taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay.

If the debtor or trustee files an objection, the movant must set the matter for hearing and give notice of the hearing to the debtor, debtor's counsel and the trustee. At the hearing, the court may terminate the stay or take other action appropriate to the circumstances.

4. The provisions of this order with respect to regular monthly installment payments expire one year after the date of the entry of this order. In the event of the default in payment of any regular monthly installment payment due more than one year after the date of the entry of this order, the movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

5. Until an order is entered terminating the automatic stay, the movant may not refuse to accept or apply payments tendered by the debtor, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

6. The automatic stay is modified to permit the note holder or servicing agent to send the debtor payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

7. Should the Debtor default pursuant to the terms herein contained, unless otherwise ordered by this court, the Movant shall be entitled to reasonable attorneys fees in the amount of $50.00 for

issuance of a notice of default, and an additional $100.00 for issuance of a certificate of default and preparation of an order terminating the automatic stay.

| | |
|---|---|
| May 14 2018 | /s/ Keith L. Phillips |
| Date | The Honorable Judge Keith L. Phillips<br>United States Bankruptcy Judge |
| | Notice of Judgment or Order Entered on Docket  May 14 2018 |

I ask for this:

/s/ Mary F. Balthasar Lake
Gregory N. Britto, Esquire
Malcolm B. Savage, III, Esquire
William M. Savage, Esquire
Thomas J. Gartner, Esquire
Mary F. Balthasar Lake, Esquire
Leonard C. Tengco, Esquire
Counsel for Movant

Seen & Agreed:

/s/ James E. Kane, with express permission
James E. Kane, Kane & Papa, PC, Counsel for Debtor(s)

Seen:

/s/ Suzanne E. Wade, with express permission
Suzanne E. Wade, Trustee

I certify that I have served the proposed Order upon all necessary parties to the action by first class mail, postage prepaid, on the 11th day of May, 2018.

 /s/ Mary F. Balthasar Lake
Gregory N. Britto, Esquire
Malcolm B. Savage, III, Esquire
William M. Savage, Esquire
Thomas J. Gartner, Esquire
Mary F. Balthasar Lake, Esquire
Leonard C. Tengco, Esquire
Counsel for Movant

Copies are to be sent to:
Shapiro & Brown, LLP
501 Independence Parkway, Suite 203
Chesapeake, Virginia 23320

James E. Kane
Kane & Papa, PC
1313 East Cary Street, P.O. Box 508
Richmond, VA 23218-0508

Suzanne E. Wade
P.O. Box 1780
Richmond, VA 23218-1780

Andrew Thomas Fraundorfer
4015 DERBYSHIRE LANE
Fredericksburg, VA 22408

## **CERTIFICATION**

The undersigned certifies that the foregoing Consent Order Modifying Automatic Stay is identical to the form order required by Administrative Order 10-2 and that no modification, addition, or deletion has been made.

/s/ Mary F. Balthasar Lake
Gregory N. Britto, Esquire
Malcolm B. Savage, III, Esquire
William M. Savage, Esquire
Thomas J. Gartner, Esquire
Mary F. Balthasar Lake, Esquire
Leonard C. Tengco, Esquire
Attorney for Movant

## **CERTIFICATION**

Pursuant to Local Rule 9022-1(C), I hereby certify that all necessary parties have endorsed the above order.

/s/ Mary F. Balthasar Lake
Gregory N. Britto, Esquire
Malcolm B. Savage, III, Esquire
William M. Savage, Esquire
Thomas J. Gartner, Esquire
Mary F. Balthasar Lake, Esquire
Leonard C. Tengco, Esquire
Attorney for Movant
17-265219